1  Nicholas W. Armstrong  (Bar No.  270963)
2  Email: narmstrong@mmlaw.net
3  Attorney for Class Plaintiff
4  **McCallum, Methvin & Terrell, P.C.**
5  2201 Arlington Avenue South
6  Birmingham, Alabama  35205
7  Tel:  (205) 939-0199; Fax:  (205) 939-0399
8  (additional counsel listed on signature page)
9
10
11
12
13

**FILED**
**CLERK, U.S. DISTRICT COURT**

**JUL 1 8 2011**

**CENTRAL DISTRICT OF CALIFORNIA**
**DEPUTY**

**COPY**

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

14
15  EDDIE L. CRESSY,                      ) Case No.: **LACV 11-5871** JAK (JCx)
16                                        )
17        Plaintiff,                      ) **CLASS ACTION COMPLAINT**
18                                        )
19  v.                                    ) 1. CIVIL RICO (18 U.S.C. 1962(c));
20                                        ) 2. CONSPIRACY TO VIOLATE CIVIL
21  OM FINANCIAL LIFE                     )    RICO (18 U.S.C. 1962 (d));
22  INSURANCE COMPANY; OGAN               ) 3. UNLAWFUL, UNFAIR AND
23  FINANCIAL GROUP, INC.;                )    FRADULENT BUSINESS
24  CAPITAL LINE FINANCIAL, LLC; )           PRACTICES (Cal. Bus. & Prof.
25  PARAMOUNT FINANCIAL                   )    Code 17200, et seq.);
26  SERVICES, INC.;  PARTNERVEST )        4. UNFAIR, DECEPTIVE AND
27  ADVISORY SERVICES, LLC;               )    MISLEADING ADVERTISING
28  DOUGLAS ANDREW;  WILLIAM              )    (Cal. Bus. & Prof. Code 17200, et
29  TESSAR; KENNETH R. OGAN, JR.;)           seq.);
30  and ROBERT KNIGHT,                    ) 5. VIOLATION OF THE CONSUMERS
31        Defendants.                     )    LEGAL REMEDIES ACT (Cal. Civil
32                                        )    Code 1750);
33                                        ) 6. BREACH OF THE IMPLIED
34                                        )    COVENANT OF GOOD FAITH AND
35                                        )    FAIR DEALING;
36                                        ) 7. BREACH OF FIDUCIARY DUTY;
37                                        ) 8. FRAUD
38
39                                          **DEMAND FOR JURY TRIAL**

1

## NATURE OF THE ACTION

1.     Defendants have engaged in a widespread and coordinated fraudulent scheme to improperly and unlawfully sell equity-indexed universal life insurance policies issued by OM Financial Life Insurance Company ("OM Financial") to individuals throughout California and the United States.  Plaintiff and each member of the putative classes (collectively referred to as "clients" herein) have purchased one of the policies through agents and advisors operating under a common marketing scheme known as "Missed Fortune 101."

2.     The purpose and effect of Defendants' scheme is to reap profits for themselves by deceiving their clients into stripping the equity out of their homes, diverting money from legitimate investments, and using that money to purchase life insurance policies which their clients do not need and that do not perform as promised.  The policies are uniformly inappropriate, unsuitable and misrepresented as investment plans.  As a direct result of Defendants' scheme, Plaintiff and each member of the putative classes each lost money when they relied upon Defendants' misrepresentations and followed Defendants' advice, instruction, and planning and purchased the life insurance policies as part of a Missed Fortune 101 plan.  This class action seeks to end and remedy Defendants' fraudulent scheme and the harm caused by this scheme.

3.     Defendants' fraudulent scheme is a violation of the Racketeer

2

1 | Influenced and Corrupt Organization statute, 18 U.S.C. § 1961, *et seq*. (hereinafter

2 | "RICO"). This scheme has been ongoing for years and poses a threat of continued

3 | harm. Defendants' unlawful, unfair, and deceptive acts and practices also

4 | constitute a violation of Cal. Bus. & Prof. § 17200, *et seq*., Cal. Bus. & Prof. §

5 | 17500, *et seq*., and Cal. Code Civ. Proc. § 1750, *et seq*.

6 | **JURISDICTION AND VENUE**

7 | 4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §

8 | 1331 and 18 U.S.C. § 1964 as Plaintiff and the putative class seek relief in part

9 | under the federal RICO statute.

10 | 5. Venue in this case is proper under 28 U.S.C. § 1391 and 18 U.S.C. §

11 | 1965 in the United States Court for the Central District of California, Western

12 | Division, in that a substantial portion of Defendants' conduct which forms the

13 | basis of this action occurred in this judicial district. Defendants do business in this

14 | judicial district and have received and continue to receive substantial revenue and

15 | profits from their unlawful conduct in this judicial district. Plaintiff resides in this

16 | judicial district.

17 | **PARTIES**

18 | 6. Plaintiff Eddie L. Cressy is, and at all times relevant herein was, a

19 | citizen of the State of California, residing in Los Angeles County.

20 | 7. Defendant OM Financial Life Insurance Company ("OM Financial")

3

1   is, and at all times relevant herein was, a corporation organized and existing under

2   the laws of the State of Maryland, with its principal place of business in Baltimore,

3   Maryland, and is authorized to transact the business of selling insurance in the

4   State of California.

5         8.    Defendant Ogan Financial Group, Inc. ("Ogan Financial") is a

6   corporation organized and existing under the laws of the State of California, with

7   its principal place of business in Ventura County, California.

8         9.    Defendant Capital Line Financial Services, LLC ("Capital Line

9   Financial") is a corporation organized and existing under the laws of the State of

10  California, with its principal place of business in Calabasas, California.

11       10.    Defendant Paramount Financial Services, Inc. ("Paramount

12  Financial") is a corporation organized and existing under the laws of the State of

13  Utah, with its principal place of business in Salt Lake City, Utah.

14       11.    Defendant Partnervest Advisory Services LLC ("Partnervest") is a

15  corporation organized and existing under the laws of the State of California, with

16  its principal place of business in Santa Barbara, California.

17       12.    Defendant Douglas Andrew is, and at all times relevant herein was, a

18  resident citizen of the State of Utah.

19       13.    Defendant William J. Tessar is, and at all times relevant herein was, a

20  resident citizen of the State of California.

4

1       14.    Defendant Kenneth R. Ogan, Jr. is, and at all times relevant herein

2   was, a resident citizen of the State of California, licensed and appointed to sell OM

3   Financial life insurance policies.

4       15.    Defendant Robert Knight is, and at all times relevant herein was, a

5   resident citizen of the State of California.

6       16.    Defendants OM Financial, Ogan Financial and Mr. Ogan owed a

7   fiduciary duty to Plaintiff, arising from their acts and undertakings as financial

8   planners for the Plaintiff, and from their procurement and sale of investments and

9   insurance. Defendants Paramount Financial and Douglas Andrew aided and

10  abetted the breach of fiduciary duties perpetrated by the other Defendants.

11      17.    Defendants are each active participants in the unlawful conduct

12  alleged herein, including in the misleading, unlawful, deceptive and unfair

13  practices described.

14                 **CLASS ACTION ALLEGATIONS**

15      18.    Plaintiff brings this action as a class action pursuant to Rule 23 of the

16  Federal Rules of Civil Procedure.   Plaintiff asserts a nationwide class, for

17  individuals who were harmed by Defendants' RICO and breach of contract

18  violations, and a separate statewide class, for residents of California who were

19  harmed by Defendants' other unlawful conduct. All information necessary to

20  determine the class members and the damages those members suffered is in

CLASS ACTION COMPLAINT

1    Defendants' possession or control.

2    The Nationwide Class is defined as follows:

3         "all persons who reside or are located in the United States of America

4         who were sold OM Financial Life Insurance equity-indexed universal

5         life insurance policies by a Missed Fortune 'certified' agent."

6    The California Class is defined as follows:

7         "all persons who reside or are located in the state of California who

8         were sold OM Financial Life Insurance equity-indexed universal life

9         insurance polices by a Missed Fortune 'certified' agent."

10        19.    Plaintiff excludes from each class any entities in bankruptcy or whose

11   obligations have been discharged in bankruptcy, Defendants and members of the

12   RICO enterprise, and any federal governmental agency, entity, or judicial officer.

13   Plaintiff maintains the right to create additional subclasses or classes, if necessary.

14                   **Common Questions of Law and Fact Predominate**

15        20.    There are common questions of law and fact of general interest to

16   both classes.  These common questions of law and fact predominate over any

17   questions affecting only individual members of the class.  Included among the

18   common questions are:

19        a.     Whether Defendants engaged in a widespread and systematic practice

20               which deceived or misled Plaintiff and members of the putative class

6

1        into purchasing equity-indexed universal life insurance policies.

2    b.   Whether Defendants misrepresented material facts concerning the

3         policies.

4    c.   Whether Defendants failed to disclose material information

5         concerning the suitability, impact, risks, profitability, and detriments

6         of stripping equity out of Plaintiff's and putative class members'

7         homes to purchase the policies.

8    d.   Whether an injunction is necessary to keep Defendants from

9         continuing to engage in the wrongful conduct alleged herein.

10   e.   Whether Defendants' conduct as alleged herein is unconscionable.

11   f.   Whether Defendants conspired to commit the wrongful acts alleged

12        herein.

13   g.   Whether Defendants engaged in unlawful, unfair and fraudulent

14        business practices.

15   h.   Whether Defendants engaged in unfair, deceptive and misleading

16        advertising.

17   i.   Whether Plaintiff and members of the putative class were damaged by

18        Defendants' unfair and fraudulent business practices and/or

19        misleading advertising.

20   j.   Whether Plaintiff and members of the putative class were damaged by

1            Defendants' fraudulent scheme.

2     k.      Whether Defendants have ceased engaging in the wrongful conduct

3            alleged herein.

4     l.      Whether Defendants have violated the federal RICO statute, 18

5            U.S.C. § 1962(c).

6     m.      Whether Defendants have conspired to violate the federal RICO

7            statute, 18 U.S.C. § 1962(d).

8     n.      Whether Defendants constitute an enterprise as contemplated by the

9            Federal RICO statute, 18 U.S.C. § 1961, *et seq.*

10     o.      Whether Defendants engaged in a pattern of racketeering activity as

11            prohibited by the Federal RICO statute, 18 U.S.C. § 1961, *et seq.*

12     p.      Whether Defendants violated 18 U.S.C. § 1343.

13     q.      Whether Defendants violated 18 U.S.C. § 1341.

14     r.      Whether Defendants conspired to violate RICO, 18 U.S.C. § 1961, *et*

15            *seq.*

16     s.      Whether Defendants aided and abetted violations of RICO, 18 U.S.C.

17            § 1961, *et seq.*

18

19                           **Typicality and Numerosity**

20     21.      The claims of the named Plaintiff are typical of the claims of the

CLASS ACTION COMPLAINT

1    classes.  The total number of members of each putative class exceed five hundred

2    (500) members.

### Adequate Representation

4        22.    The named Plaintiff will fairly and adequately protect the interests of

5    the members of the classes and has no interest antagonistic to those of other class

6    members.  Plaintiff has retained class counsel who are competent to prosecute class

7    actions and are financially able to represent the class.

### Superiority

9        23.    The class action mechanism is superior to other available methods for

10   the fair and efficient adjudication of this litigation since individual joinder of all

11   members of the class is impracticable.  The class action mechanism provides the

12   benefit of unitary adjudication, economies of scale and comprehensive supervision

13   by a single court.  The interests of judicial economy favor adjudicating the claims

14   for Plaintiff and putative class members class rather than for Plaintiff and putative

15   class members on an individual basis.

16       24.    Defendants have acted on grounds applicable to the classes as a

17   whole, thereby making appropriate final injunctive relief or corresponding

18   declaratory relief with respect to the classes as a whole.

19

20

CLASS ACTION COMPLAINT

# FACTUAL ALLEGATIONS

## The Defendants' Fraudulent Scheme

25. The Defendants' scheme is an elaborate ruse designed and carried out for the primary purpose of selling high-dollar equity-indexed universal life insurance policies (the "policies") under the pretense that the policies have been pre-determined by the Defendants to be the best and most effective investment vehicle to be used in an investment program created and managed by the Defendants.

The Defendants' refer to their investment program as "The Equity Asset Management System" (i.e. "T.E.A.M.S."). To make this investment program appear legitimate, Defendants make a host of uniform misrepresentations to their clients. As set out in detail below, these misrepresentations all have the uniform purpose and effect of deceiving clients into believing that Defendants are highly trained investment professionals, working for their clients' best interests, and that by following Defendants' advice and purchasing the policies in question the clients will obtain safe, liquid, "investment grade" policies which will create greater wealth and security than other investments.

26. To fund this investment program and to purchase the policies, Defendants instruct their customers to strip the equity out of their homes and to divert money away from legitimate investments. Defendants each played

1   separate, autonomous roles in the fraudulent scheme, and have worked in

2   coordination with other parties whose identities are currently unknown to Plaintiff,

3   as set forth below.   Importantly, each Defendant profited directly from their

4   fraudulent scheme.

5         27.   Defendant OM Financial designed and created the equity-indexed

6   universal life insurance policies (the "policies"), and underwrote each of the

7   policies sold to the class.  OM Financial also designed marketing materials for the

8   policies and appointed agents to market and to sell the policies.   Defendants

9   Paramount Financial and Douglas Andrew created and carried out a complex

10  marketing system to sell the policies as part of an investment program. Marketing

11  and sales of the investment program is elaborate and highly developed to falsely

12  promote the scheme as a "legitimate" investment plan.   Douglas R. Andrew

13  authored a book titled *Missed Fortune 101*.  In addition to the book, Mr. Andrew

14  and Paramount developed the "Missed Fortune" marketing program aimed at

15  "Insurance Professionals" (also referred to as "Asset Managers") and "Mortgage

16  Professionals" (also referred to as "Debt Managers"). The Missed Fortune

17  marketing program is sold and/or licensed to the Asset Managers and Debt

18  Managers who commit to being a T.E.A.M. member by paying fees and other

19  charges to Paramount and/or Andrew. Through this arrangement, Paramount and

20  Andrew have a uniform training platform and a unified distribution system

CLASS ACTION COMPLAINT

whereby the Missed Fortune marketing materials are distributed to T.E.A.M. members across the country. The marketing materials sent to T.E.A.M. members across the country are substantially uniform, if not identical. Likewise, the training T.E.A.M. members receive is substantially the same for all T.E.A.M. members. OM Financial has approved and/or ratified the Missed Fortune marketing system.

28.    Defendants used standard, form, pre-printed sales materials which had the purpose and effect of misleading potential clients into believing that Defendants and their agents were highly trained and competent investment advisors. An important aspect of the marketing program and scheme is the use of designations by the individuals involved. As will be explained in more detail below, the individual participants in the scheme all held themselves out as "advisors" and collectively as a "Team of Advisors." Also used were the designations of investment advisors, financial planners, financial professionals, Certified Senior Advisors, Debt and Equity Advisors, and Mortgage Planning Specialists. These designations were used to falsely and deceptively imply that the Defendants had special training, education, and expertise that made them specially qualified to advise the Plaintiff and others on financial and investment matters.

29.    Defendants also use standard, form, pre-printed sales materials which are designed to—and in fact did—mislead prospective clients into believing that the policies Defendants sold were carefully designed to perform as a low risk

12

investment vehicle or individual retirement plan. Defendants carefully ensure that the sales and marketing force which sells the policies follows the same marketing scheme and parrots the same misrepresentations to potential clients.

30. The policies are sold by a nationwide network of individual producers, agents, brokers and advisors that included Michael Voogd and Defendants Kenneth Ogan, and Robert Knight. There are many other agents who dealt with members of the putative class and who are active in Defendants' fraudulent scheme, but whose identities are currently unknown. Each of these agents are "appointed" by OM Financial. Each are also 'certified' by Paramount Financial and/or Douglas Andrew and each attended training sessions put on by Defendants Paramount Financial and/or Douglas Andrew where they learned the fraudulent scheme and their roles in that scheme, and each enter into agreements with OM Financial, Paramount Financial and/or Douglas Andrew to market and sell the policies. While these agents operate independently within the scheme for their own financial benefit and are legally distinct from all other Defendants, OM Financial and/or Paramount Financial and Douglas Andrew approved, ratified and condoned the practices, methods and manners employed by the agents at all times.

31. The agents are also organized under "field marketing organizations" ("FMO") or "independent marketing organizations" ("IMO"). These marketing organizations exist largely to provide sales leads and other sales and marketing

13

1   support to the agents who affiliate with them. In exchange, the marketing

2   organizations received an over-ride commission or other compensation for each

3   policy sold by the agents. For the purpose of the scheme, Paramount and Andrew

4   (who operate their own IMO known as "Missed Fortune Producer Group"),

5   coordinated with other IMOs and FMOs to distribute the Missed Fortune

6   marketing scheme to agents across the company. Agents, regardless of his or her

7   FMO/IMO affiliation, were allowed to become "Missed Fortune Certified" and to

8   participate in the scheme.

9        32.   In addition to their IMO/FMO affiliation, and consistent with the

10  overall design of the scheme, "Missed Fortune Certified" Asset Managers and

11  Debt Managers organized themselves into "TEAMS". By organizing in this

12  manner, the agents were better able to falsely hold themselves out to Clients as

13  teams of experts whose combination of training and expertise benefit Clients by

14  guiding them through "The Equity Asset Management System" (i.e.

15  "T.E.A.M.S.").

16       33.   Following Defendants' advice, instruction, and planning, Plaintiff and

17  putative class members each invested significant sums in separate OM Financial

18  Life equity-indexed universal life insurance policies. To obtain the money

19  necessary to purchase the policies, Defendants uniformly instructed Plaintiff and

20  putative class members to strip the equity out of their homes by entering into new

14

mortgages. The funds that were invested came from the proceeds of mortgages on Plaintiff and putative class members individual homes, from Plaintiff and putative class members' individual savings, and/or by re-directing contributions away from Plaintiff and putative class members' individual 401(k)s. Defendants designed investment plans for Plaintiff and putative class members and facilitated every aspect of the plans. The general premise and common element for the plans was referred to by Defendants as "True Asset Optimization" and/or "Equity Management Implementation." The primary purpose for the marketing, sale and issuance of the OM Financial policy was as an investment vehicle and/or retirement plan, rather than for providing life insurance.

34. Contrary to their representations, Defendants were not highly skilled and qualified investment advisors or financial planners and the investment plan they created was a ruse designed only to sell a high dollar life insurance policy that would generate significant commissions for the agent, and to sell a mortgage on Plaintiff and putative class members' homes that would generate additional fees for the "Mortgage Professionals" involved.

35. Defendants put their own interests ahead of Plaintiff and putative class members' and fraudulently reaped profits and benefits at the expense of Plaintiff and putative class members. Defendants were paid, either directly or indirectly, substantial commissions, over-rides, fees and other compensation, and collected

CLASS ACTION COMPLAINT

1  charges for their participation in the scheme. Each of the Defendants received

2  compensation, income, revenue and/or other valuable consideration for their

3  participation in the scheme. The compensation received by the Defendants was

4  paid, either directly or indirectly, from the Plaintiff's and putative class members'

5  funds.

6       As a result of the acts and omissions of Defendants, as alleged herein,

7  Plaintiff, like the putative class members, invested and lost a substantial amount of

8  money in an unsuitable investment, encumbered his real property with an

9  additional mortgage and lost the opportunity of more suitable investments. In

10  addition to monies paid to fund the investment plan (i.e. premiums for the

11  policies), Plaintiff and putative class members also lost money by paying fees,

12  charges and interest related to the mortgage loans arranged by the Defendants as

13  part of their fraudulent scheme. Plaintiff and putative class members also incurred

14  taxes that would have been otherwise deferred, reduced or not required had they

15  not followed the directions and advice of the Defendants. Plaintiff also has

16  suffered mental anguish, emotional distress and anxiety as a direct and proximate

17  result of the Defendants wrongdoing. Plaintiff has been otherwise damaged and

18  suffered loss as direct result of the acts and omissions of the Defendants.

19

20

16

**The Uniform Misrepresentations, Half-Truths, and Omissions
Defendants Made To Plaintiff and Each Member of the Putative Class**

36.   In   furtherance   of   their   scheme,   Defendants   made   uniform
misrepresentations, half-truths, and material omissions.   These misrepresentations
all conveyed exactly the same message to Plaintiff and members of the putative
class:  that the policies Defendants sold were "investment grade," safe, effectively
liquid, and would increase financial security. Defendants withheld material facts
including that the policies were worth less than represented, and fundamentally
inferior to other investments.   Defendants falsely represented that by purchasing
the policies and stripping the equity from their homes, Plaintiff and putative class
members would "optimize" their assets.

37.   Notably, Defendants employed a standard, form sales pitch through
the agents.  The agents learned this standardized sales pitch, and agreed to make it
to the exclusion of other sales pitches, through the uniform training sessions
discussed above which each attended.   Upon information and belief, the agents
adhere to a uniform script when making sales presentations.

38.   The Defendants uniformly misrepresented:

a.   That the projections illustrated by the Defendants were attainable if
the Plaintiff and putative class members followed the Defendants'
expert advice and planning, and allowed them to plan the investments

17

1    at issue;

2    b.    That the OM Financial Life equity-indexed universal life policy was

3          'investment grade';

4    c.    That the OM Financial Life equity-indexed universal life policy was

5          an investment vehicle;

6    d.    That the plan's purpose was to optimize the Plaintiff's and putative

7          class members' existing assets;

8    e.    That the plan had been adequately designed to achieve tax-free annual

9          income for life for the Plaintiff and putative class members at or near

10         retirement age of 65;

11   f.    That the OM Financial Life equity-indexed universal life policy was

12         designed to achieve the Plan's promised results;

13   g.    The premiums planned by the Defendants were adequate to achieve

14         the Plan's promised results;

15   h.    That the investment plan was suitable for the Plaintiff and putative

16         class members;

17   39.   Throughout all of their dealings with the Plaintiff and putative class

18   members, the Defendants knew, but nonetheless concealed and/or otherwise failed

19   to disclose, that

20   a.    They were conducting a scheme designed to deceive the Plaintiff and

18

1   putative class members;

2   b.   The OM Financial Life equity-indexed universal life policy was not

3        'investment grade';

4   c.   A primary purpose of the investment plan was to collect premiums for

5        the OM Financial Life equity-indexed universal life policy from

6        which the Defendants would receive compensation and profits;

7   d.   The OM Financial Life equity-indexed universal life policy had

8        undisclosed charges, fees and expenses associated with it that were

9        detrimental to the Plaintiff and putative class members;

10  e.   The illustrations and projections used by the Defendants were based

11       on inflated and unrealistic assumptions;

12  f.   The illustrations and projections used by the Defendants were based

13       on incorrect calculations;

14  g.   A primary purpose of the investment plan was to close a mortgage

15       loan on the Plaintiff's and putative class members' homes from which

16       the Defendants would receive compensation and profits;

17  h.   The designations used by the Defendants were not issued by

18       authoritative or credible organizations;

19  i.   That *Missed Fortune 101* was a marketing scheme created to sell life

20       insurance and mortgage financing;

CLASS ACTION COMPLAINT

1    j.    That *Missed Fortune 101* was a marketing scheme created to benefit

2          insurance sales people and mortgage brokers at the expense and to the

3          detriment of consumers like the Plaintiff;

4    k.    That the Defendants were acting with a conflict of interests in their

5          dealings with the Plaintiff and putative class members;

6    l.    That the investment plan created and implemented by the Defendants

7          was designed to fail;

8    m.    That the Defendants had no process in place to properly analyze the

9          suitability of the investment plan for the Plaintiff and putative class

10         members;

11   n.    That the Defendants were not properly monitoring and supervising

12         each other's activities to adequately safeguard the Plaintiff's and

13         putative class members' interests.

14                                   **Causation**

15   40.   These misrepresentations and omissions directly caused injury to

16   Plaintiff and members of the putative class, and such injury may be determined for

17   Plaintiff and each member of the putative class through a class-wide method of

18   proving damages.   To the extent necessary, Plaintiff can establish reliance in

19   causation through common evidence.   Such evidence includes, but is not limited to,

20   the fact Defendants made uniform misrepresentations to Plaintiff and each member

                                         20

1    of the putative class and that in reliance on these misrepresentations Plaintiff and

2    each member of the putative class purchased the policies in question.  Such

3    standardized misrepresentations may be established by generalized proof,

4    including but not limited to evidence of uniform training, scripts, written marketing

5    materials, computer programs, and other documents showing the uniform nature of

6    Defendants' fraudulent scheme.  Further, evidence may establish that in this case

7    Defendants' fraudulent scheme primarily involved omissions, in which case

8    reliance may be presumed.   No rational member of the putative class would have

9    purchased the policies in question but for Defendants' misrepresentations and

10   omissions.   The only logical explanation for Plaintiff and each class members'

11   conduct is that they relied upon Defendants' misrepresentations and omissions.

### Proposed Class Representative Mr. Cressy's Transactions

13      41.   Plaintiff Eddie L. Cressy's transactions and experiences with

14   Defendants' fraudulent scheme are representative of those of the remainder of the

15   putative class.

16      42.   Around November 2006, Mr. Cressy read an advertisement for a

17   seminar to be put on by Ogan Financial and Capital Line Financial claiming to

18   help people achieve greater wealth with tax-free retirement plans.   This

19   advertisement was published by Defendants, or some of them, in a newspaper.  At

20   the seminar attended by Mr. Cressy, Ogan Financial and Capital Line Financial's

1    moderators urged Mr. Cressy and the other attendees to 'harvest' their home equity

2    and invest it in an 'Equity Indexed Universal Life' insurance policy, thereby

3    achieving more wealth than with IRA's, 401(K)'s, Mutual Funds, Stocks, Bonds

4    and Real Estate.   This would be achieved by utilizing his home's equity, the

5    purported tax savings Mr. Cressy would realize by maintaining a high mortgage

6    balance, the purported tax deferred treatment of the life insurance accumulation

7    value, and "borrowing" from his life insurance cash value in his later years as a

8    retirement strategy.   It was represented to Mr. Cressy that this strategy was safe,

9    liquid, and would earn a "good rate of return."   Additionally, Mr. Cressy was

10   provided with Missed Fortune 101 marketing materials which provided the same

11   false message as was provided to all other members of the putative class.

12       43.   Soon thereafter, Mr. Cressy had a meeting with Mr. Michael Voogd of

13   Ogan Financial.   They spoke about Mr. Cressy's financial situation, plans and

14   goals.  Mr. Cressy explained that he made about $45,000 per year as a mechanic's

15   apprentice, was not a sophisticated investor, was not married, had no children, his

16   parents were in their sixties, and his home was his main source of savings and net

17   worth.

18       44.   Mr. Cressy further stated that he wanted to pay off his house as soon

19   as possible, rent it out and purchase another house.  Mr. Voogd told him that this is

20   exactly the opposite of what he should do, because paying off the house would

greatly increase his tax liability. Mr. Voogd told him that he should cash out his home equity by refinancing at current value and put all the equity into an OM Financial equity-indexed universal life insurance policy. It was stated and illustrated to Mr. Cressy that he could earn more interest on his life insurance policy than the interest he would be paying on his new mortgage. Mr. Voogd also stated that by having a higher mortgage, Mr. Cressy would save more on income taxes. It was stated to Mr. Cressy that this investment strategy was "liquid" and could be withdrawn for any purpose if he chose to do so.

45.    It was further represented to Mr. Cressy that the housing market in the long run always goes up, and home equity does not get a "good rate of return". Mr. Voogd generated a spreadsheet which demonstrated that every year Mr. Cressy would be able to continually cash out the equity in his home, place it in life insurance, and earn a better rate of return and it would have guarantees. The assumption in the sales literature provided to Mr. Cressy was that housing prices would go up each year, for the next thirty (30) years.

46.    Mr. Cressy purchased his home in 1991 for approximately $114,000. In 2006, his outstanding mortgage balance was approximately $135,000. He had short-term debts of approximately $3,500 in credit card, $9,000 in automobile debt, and $1,700 motorcycle debt, for a total of approximately $15,000. His mortgage payment was approximately $950 per month.

CLASS ACTION COMPLAINT

47.   Mr. Cressy was directed by Mr. Voogd to Capital Line Financial and Mr. Tessar, who had spoken at the seminar Mr. Cressy previously attended.  Mr. Tessar, a "Certified Mortgage Planning Specialist," in close contact with Mr. Voogd, arranged the withdrawal of equity from Mr. Cressy's home (about $84,432).  Mr. Tessar suggested that Mr. Cressy take out a 30-year-interest-only loan for 100% loan-to-value on his home.  Mr. Cressy explained again that he wanted to pay off his home eventually, and did not want an interest-only loan.  Mr. Cressy was once again dissuaded from his position, and was told that he could pay off his home even faster through the program Mr. Voogd was directing him into. Mr. Cressy was encouraged to borrow long-term to pay off short-term debt, thereby obligating himself to pay it off over the next 30 years.

48.   Mr. Cressy, at the insistence of Capital Line Financial and Mr. Voogd, refinanced all of his debts and withdrew his home equity, which totaled $240,000. So, instead of an approximate $135,000 mortgage and $15,000 in short-term debts, he now has a $240,000, 30-year interest only mortgage to pay off, a One Million One Hundred Ninety Six Thousand-dollar ($1,196,000) life insurance policy which he did not, and does not need.

49.   On February 16, 2007, after having attended the seminar and presentation by Ogan Financial and Capital Line Financial, having reviewed the marketing materials provided to him, and having met with Mr. Voogd several

CLASS ACTION COMPLAINT

1    times, Mr. Cressy was convinced and invested the proceeds of the refinancing in an

2    Equity Indexed Universal Life (herein referred to as "EIUL") policy (although  no

3    funds over the last three years have ever been allocated to an equity index, rather,

4    the funds were completely allocated to a "fixed" rate) offered by OM   Life

5    Insurance.

6         50.    The payments due in the early years of the policy were more than Mr.

7    Cressy's yearly net income.

8         51.    Mr. Cressy has paid $94,258.51 into the policy as of June 16, 2011.

9    His surrender value is approximately $65,722.72 if he were to withdraw as of the

10   date of this Complaint, not including penalties and fees.

11        52.    The Defendants affirmatively concealed their fraudulent scheme by

12   making additional misrepresentations and concealing material facts after the sale of

13   the policy.  Aside from the other fraudulent conduct set forth herein, in an on-

14   going effort to obtain additional funds and conceal their wrongdoing from the

15   Plaintiff and class members and consistent with the Missed Fortune marketing

16   scheme, the Defendants purportedly made annual reviews of the investment plans

17   and reiterated the earlier representations that the plan was performing consistent

18   with its design and stated purpose.  Additionally, at some time after the sale of the

19   policies to the Plaintiff and putative class, upon information and belief Defendant

20   OM  Financial  changed  its  internal  policies  and  procedures  and  made  a

CLASS ACTION COMPLAINT

determination that the purchase of its life insurance policies using home equity funds was not in the customers' best interest. Despite this determination, OM Financial consciously decided to remain silent and not inform the Plaintiff and the putative class all of who the Defendant knew had been sold a policy by a Missed Fortune Certified agent. Plaintiff and members of the putative class did not and could not have discovered the injuries he sustained from Defendants' fraudulent scheme due to Defendants' ongoing efforts to conceal the nature and effect of this scheme, as discussed herein. Further, Defendants' fraudulent acts and fraudulent scheme are ongoing today.

53. Indeed, Mr. Cressy discovered only within the last year that the 'investment plan' he had been directed to participate in by the Defendants was not as the Defendants had represented it to be, as described above.

## FIRST CAUSE OF ACTION

### VIOLATION OF FEDERAL CIVIL RICO
### (18 U.S.C. § 1962(c))

54. Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 55, as though fully set forth herein. To the extent necessary, this cause of action is pled in the alternative to the Second Cause Of Action, *infra*.

55. Defendants' conduct as set out herein constitutes a violation of 18 U.S.C. § 1962(c). Defendants have acted together, along with individuals and

26

1  entities whose identities are currently unknown to Plaintiff, to conduct an

2  enterprise through a pattern of racketeering activity. As discussed in detail herein,

3  Defendants have intentionally participated in a scheme to defraud Plaintiff and the

4  putative class of money by means of material misrepresentations, omissions and

5  half-truths. Plaintiff and the putative class reasonably relied upon these

6  misrepresentations, omissions and half-truths, and, as a result of such reliance,

7  directly and proximately suffered real and specifiable damages. There is a threat

8  of long-term racketeering activity given the extensive scope of Defendants'

9  activity and the significant monetary gains such activity has garnered them.

10  Defendants use the United States Mail and the internet in furtherance of their

11  fraudulent scheme.

56.    Each Plaintiff and putative class member is a "person" within the meaning of the Federal RICO statute. Each Defendant is a "person" within the meaning of the Federal RICO statute, separate from the enterprise in which they engaged. Each member of the enterprise profits from their participation in the illegal and fraudulent scheme.

12  **I.    Defendants Conduct And Control A RICO Enterprise.**

13  57.    Plaintiff alleges two distinct association in fact enterprises, as defined

14  in 18 U.S.C. § 1961(4), which are alleged alternatively to the extent necessary.

15  The first is comprised of Defendants and Michael Voogd, along with other

1  individuals and entities who acted as "agents" and/or "TEAM members" to market

2  and sell the policies in question to putative class members (whose identities are

3  currently unknown to Plaintiff). These individuals and entities associated together

4  with the common purpose of engaging in the wrongful conduct set forth herein.

5  Alternatively, the second association in fact enterprise is comprised of Defendants

6  OM Financial, Paramount Financial, Douglas Andrew, and individuals and entities

7  who assisted in the creation and implementation of the marketing plan for and

8  design of the policies in question (whose identities are currently unknown to

9  Plaintiff). These individuals and entities associated together with the common

10  purpose of engaging in the wrongful conduct set forth herein. The allegations

11  throughout this Complaint, both above and below, apply to both enterprises.

12      58.    Each Defendant participated directly in the operation or management

13  of the enterprise and was associated in fact in furtherance of the enterprise. The

14  role of each Defendant in the fraudulent scheme and the enterprise is discussed in

15  detail *supra*. The enterprise described herein was formal and/or informal in nature.

16  The association of Defendants together furnished a vehicle for the commission of

17  multiple predicate acts set out below in detail.

18      59.    The members of the enterprise have communicated throughout the

19  class period regarding the coordination and implementation of their fraudulent

20  scheme, including the marketing, misrepresenting, and sale of the policies in

question. Further, each member of the enterprise (including each Defendant) worked with each other, and was aware of the other members of the enterprise and of those members' roles in the enterprise. At the time each particular predicate act was committed, each member of the enterprise at that time was acting in concert with each other and with the group as a whole. Additionally, every member of the enterprise was operating under an agreement (explicit or otherwise) to further the fraudulent scheme set forth herein.

60. The enterprise in which Defendants are engaged affects interstate commerce and/or its activities affect interstate commerce. Defendants operate across state lines and throughout a majority of the United States. Defendants send documents across state lines and collect and distribute revenue from the fraudulent scheme across state lines.

61. Each member of the RICO enterprise, including each Defendant, is a separate and distinct legal entity which is free to act independently to advance its own interests, and which makes its own day-to-day business decisions. To the extent that any Defendant may be a related entity of another member of the enterprise (i.e. a subsidiary, parent, or sister corporation), the decision to operate as separate entities facilitated the wrongful conduct in question.

62. The members of the enterprise are each distinct from the enterprise itself. Each member is not conducting solely its own affairs, but is conducting the

affairs of the enterprise aside and apart from its own affairs. The members of the enterprise have banded together to accomplish the fraudulent scheme and pattern of racketeering activity discussed herein, which could not have been accomplished by any member alone.

## II.    Defendants Engage In A Pattern Of Racketeering Activity.

63.    To conduct the affairs of the enterprise, Defendants engaged in a widespread pattern of racketeering activity as defined by 18 U.S.C. § 1961(5). This pattern is ongoing today and presents the threat of future harm. This pattern of racketeering activity consists of more than two acts of racketeering activity as defined by 18 U.S.C. § 1961(1). The most recent act of racketeering activity occurred within four years after the commission of the prior act.

64.    Defendants' acts of racketeering activity include hundreds, and likely thousands, of violations of the federal mail and wire fraud statutes, 18 U.S.C. § 1341 and 18 U.S.C. § 1343 (the "predicate acts"). Defendants violate the mail fraud statute by unlawfully sending (and/or cause to be sent) documents including communications, certificates, marketing materials, applications, policy statements, "illustrations," reports, and invoices through the United States Postal Service, by facsimile, and/or through the internet. Defendants send these documents for the purpose of carrying out their fraudulent scheme, including for the purpose of disseminating the misrepresentations set forth above, charging and colleting

1  premiums on the policies at issue, and distributing the money obtained by their

2  fraudulent scheme among themselves.    These predicate acts were necessary for

3  Defendants to carry out their fraudulent scheme, indeed, among other things, it was

4  through these predicate acts that Defendants largely obtained Plaintiff and putative

5  class members' money.

6      65.    Each member of the putative class has received one of the documents

7  sent through the mails or wires in violation of 18 U.S.C. § 1341 and/or 18 U.S.C. §

8  1343.  For example, Mr. Cressy received payment due notices through the United

9  States Mail on or about February 16, 2008, February 16, 2009, February 16, 2010,

10  and February 16, 2011 from OM Financial which requested payment of premiums

11  on the policy sold to him.    Mr. Cressy also received documents from Capital Line

12  regarding the mortgage he was sold subject to Defendants' scheme on or about

13  February 2, 2007, from Mr. Voogd regarding the policy he was sold on or about

14  February 8, 2011, and from Ogan Financial regarding the policy he was sold on or

15  about November 20, 2006 (including an application for that policy).    Defendants

16  have used the mails and wires to further their fraudulent scheme many other times.

17  Much of this information is currently within Defendants' exclusive possession and

18  control.

19      66.    The purpose of this fraudulent scheme is to obtain Plaintiff and

20  putative class members' money through false and/or fraudulent pretenses.  This is

31

1  in violation of 18 U.S.C. § 1341.

2      67.    Defendants also send and receive other writings (letters, contracts,

3  checks, invoices and other paper) and sound communications (including but not

4  limited to telephone calls, facsimile transmissions, and bank wire transfers) for the

5  purpose of executing and attempting to execute a scheme to obtain Plaintiff and

6  putative class members' money through false and/or fraudulent pretenses in

7  violation of 18 U.S.C. § 1343. Upon information and belief, Defendants regularly

8  use e-mail, which is transmitted through the wires, to coordinate the fraudulent

9  scheme amongst themselves.

10      68.    To the extent that any Defendant did not itself send writings in

11  violation of 18 U.S.C. § 1341 and 18 U.S.C. § 1343, it causes these writings to be

12  sent, or knowingly and willfully aids and abets those violations.

13      69.    The multiple acts of racketeering activity are not isolated events.

14  They are part of a common and continuous pattern of unlawful and wrongful acts

15  which has been ongoing for at least five years, and are a necessary part of the

16  fraudulent scheme. The separate acts of racketeering are related in that they have

17  the same or similar intended victims: Plaintiff and the putative class. The separate

18  acts of racketeering also have the same or similar purposes (obtaining clients'

19  money through the marketing and selling of the policies, mortgages, and other

20  products), results (actual acquisition of clients' money), participants (Defendants

1   along with individuals and entities whose identities are currently not known, as

2   detailed above) and methods of commission (use of certain marketing materials

3   and invoices sent through the mail, the collection and distribution of money for

4   premiums).

5        70.     Additionally, many if not the majority of Defendants' wrongful acts

6   occurred within the previous four years.  These acts are not simply reaffirmations

7   of previous acts, but rather are new and independent acts undertaken in furtherance

8   of the fraudulent scheme described herein.  For example, Defendants have made

9   misleading statements, omitted material facts, and sent documents through the

10  mails and wires in furtherance of the fraudulent scheme within the previous four

11  years.   Further, these acts have inflicted new and accumulating injury on the

12  Plaintiff, and on members of the putative class.

13       71.     Defendants also fraudulently concealed their fraudulent scheme

14  throughout the class period, and due to this concealment Plaintiff and members of

15  the putative class could not have discovered the scheme through the exercise of

16  due diligence.

17  **III.    Defendants Proximately And Directly Injured Plaintiff And The**
18  **Putative Class.**
19
20       72.     Plaintiff and putative class members have been directly and

21  proximately damaged by the misrepresentations in that they caused Plaintiff and

22  putative class members to reasonably rely upon such misrepresentations and to pay

CLASS ACTION COMPLAINT

premiums and fees. The amount of damages incurred by Plaintiff and putative class members is specifiable and easily determined from documents maintained by Defendants. Plaintiff and putative class members were the intended victims of Defendants' racketeering activity, enterprises, and scheme.

73.     Defendants' wrongful acts proximately caused damage to Plaintiff and putative class members' business and property. Plaintiff and putative class members were directly injured by the Defendants' racketeering activity. Defendants' violation of 18 U.S.C. § 1961, *et seq.* (and of 18 U.S.C. § 1341 and 18 U.S.C. § 1343) was the but for cause of Plaintiff and putative class members' injuries.

74.     By the acts of racketeering and the conduct of the scheme discussed above, Defendants acquired Plaintiff and putative class members' money in the form of payment of premiums, fees, and charges. Plaintiff and the putative class relied upon Defendants' misrepresentations, half-truths, and omissions by paying such premiums, fees, and charges.

75.     Plaintiff and putative class members were the direct and intended victims–as opposed to the indirect victims–of Defendants racketeering violations as Defendants racketeering acts were targeted at Plaintiff and putative class members.

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### CONSPIRACY TO VIOLATE SECTION 1962(c)
### OF THE FEDERAL RICO STATUTE
### (18 U.S.C. § 1962(d))

76.　Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 77, as though fully set forth herein.　To the extent necessary, this cause of action is pled in the alternative to the First Cause Of Action, *infra*.

77.　Defendants each conspired to violate Section 1962(c).　Each was a knowing, active, and willing member of this conspiracy.　The conspiracy took place from (at least) November 2006 until the present.　The object of the conspiracy was to conduct the fraudulent scheme set forth in detail herein, including (but not limited to) marketing and selling the policies in question in order to strip equity from Plaintiff and putative class members' homes in order to improperly create profit for Defendants.

78.　In furtherance of this conspiracy, Defendants each undertook certain overt acts including, but not limited to, creating and disseminating marketing materials, making misrepresentations, half-truths and omissions, designing and creating the policies at issue, putting on and attending marketing meetings, organizing amongst themselves and apportioning tasks to be conducted in furtherance of the scheme to defraud, and meeting with Plaintiff and putative class

1    members to market and sell the policies at issue. Additionally, included among

2    these overt acts, are acts of mail and wire fraud in violation of 18 U.S.C. § 1341

3    and 18 U.S.C. § 1343. Details of some of these violations, including the date,

4    purpose, and persons directly involved, are set forth above. Information as to other

5    violations is currently within Defendants' exclusive possession or control.

6        79.    Defendants each agreed to commit the predicate acts of mail and wire

7    fraud set forth herein, to participate in the fraudulent scheme set forth herein, and

8    to participate in the pattern of racketeering activity set forth herein. At a

9    minimum, each Defendant agreed to the commission of at least two predicate acts

10   by someone associated with the RICO enterprise. Defendants each knew that the

11   predicate acts were a part of a pattern of racketeering activity, and in no way were

12   isolated events.

13       80.    Plaintiff and putative class members have been directly and

14   proximately damaged by Defendants' conspiracy. Additionally, Plaintiff and

15   putative class members were directly injured by the Defendants' racketeering

16   activity. Plaintiff and each putative class member relied upon Defendants'

17   misrepresentations, half-truths, and omissions by paying money for policies, fees,

18   and charges. Defendants have each obtained money wrongfully from such

19   payment. The amount of damages incurred by Plaintiff and putative class

20   members is specifiable and easily determined from documents maintained by

36

CLASS ACTION COMPLAINT

1  Defendants. Plaintiff and putative class members were the direct and intended

2  victims of Defendants' conspiracy, racketeering activity, enterprise, and fraudulent

3  scheme, and Defendants intentionally targeted Plaintiff and putative class

4  members.

## THIRD CAUSE OF ACTION

### UNLAWFUL, UNFAIR AND FRAUDULENT BUSINESS PRACTICES
(Cal. Bus. & Prof. § 17200, *et seq.*)

81.   Plaintiff adopts, re-alleges and incorporates herein each and every

allegation in Paragraphs 1 through 82, as though fully set forth herein.

82.   Plaintiff brings this claim individually, on behalf of the class and on

behalf of the general public.

83.   Through the conduct and scheme described herein, and particularly

through the marketing and selling of OM Financial equity-indexed universal life

insurance policies to Plaintiff and members of the public, Defendants engaged in

unlawful, deceptive, and unfair business acts within the meaning of California

Business and Professions Code § 17200 *et seq.* Defendants' acts and practices

offend an established public policy, and Defendants engage in immoral, unethical,

oppressive, and unscrupulous activities that are substantially injurious to

consumers including Plaintiff.

84.   Defendants' acts of unfair competition and unlawful business

practices include violations of the Civil RICO statute, California Civil Code

§§1572, 1573, 1709, 1711, 1770, California Insurance Code §§ 330, 331, 332, other portions of the California Insurance Code and related regulations and rules, and the common law. Such acts include, but are not limited to,

    a.    selling Plaintiff and members of the public equity-indexed universal life insurance policies that were unsuitable for their investment, estate planning, insurance, and/or financial needs;

    b.    misrepresenting and inflating the returns and results Plaintiffs and members of the putative class could achieve by purchasing equity-indexed universal life insurance policies;

    c.    misrepresenting to Plaintiff and members of the public that OM Financial equity-indexed universal life insurance policies are "investment grade";

    d.    misrepresenting to Plaintiff and members of the public that an investment in equity-indexed universal life insurance is "liquid";

    e.    misrepresenting to Plaintiff and members of the public that withdrawing 100% of one's home equity and investing the proceeds in an policy was "safe";

    f.    failing to adequately disclose the true nature of equity-indexed universal life insurance policies and the penalties imposed for liquidating such policies.

85. Plaintiff reserves the right to allege other violations which constitute other unlawful business acts or practices. Upon information and belief, Defendant's wrongful conduct in violation of § 17200, *et seq.* is ongoing and continues to this date.

86. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

87. Defendant's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, likely to deceive Plaintiff and the public, and were intended to deceive Plaintiff and members of the public. Plaintiff and class members have in fact been deceived and have relied on Defendant's representations and omissions. This reliance has caused harm to Plaintiff and class members. Plaintiff and class members have suffered injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent practices.

88. As a result of its deception, Defendant has been able to reap unjust revenue and profit. Further, upon information and belief, unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

## FOURTH CAUSE OF ACTION

### UNFAIR, DECEPTIVE AND MISLEADING ADVERSTISING
(Cal. Bus. & Prof. § 17500, *et seq.*)

89. Plaintiff adopts, re-alleges and incorporates herein each and every

39

1  allegation in Paragraphs 1 through 90, as though fully set forth herein.

2      90.   Plaintiff brings this claim individually, on behalf of the class and on

3  behalf of the general public.

4      91.   Through the conduct and scheme described herein, and particularly

5  through the marketing and selling of OM Financial equity-indexed universal life

6  insurance policies to Plaintiff and members of the public, Defendants engaged in

7  unfair, deceptive, and misleading advertising within the meaning of California

8  Business and Professions Code § 17500 *et seq.* Defendants' acts and practices

9  offend an established public policy, and Defendants engage in immoral, unethical,

10  oppressive, and unscrupulous activities that are substantially injurious to

11  consumers including Plaintiff.

12      92.   Defendants' acts of unfair, deceptive, and misleading advertising

13  include violations of the Civil RICO statute, California Civil Code §§1572, 1573,

14  1709, 1711, 1770, California Insurance Code §§ 330, 331, 332, other portions of

15  the California Insurance Code and related regulations and rules, and the common

16  law. Such acts include, but are not limited to:

17

18      a.   selling Plaintiff and members of the public equity-indexed universal

19          life insurance policies that were unsuitable for their investment, estate

20          planning, insurance, and/or financial needs;

CLASS ACTION COMPLAINT

b.   misrepresenting and inflating the returns and results Plaintiffs and members of the putative class could achieve by purchasing equity-indexed universal life insurance policies

c.   misrepresenting to Plaintiff and members of the public that OM Financial equity-indexed universal life insurance policies are "investment grade";

d.   misrepresenting to Plaintiff and members of the public that an investment in equity-indexed universal life insurance is "liquid";

e.   misrepresenting to Plaintiff and members of the public that withdrawing 100% of one's home equity and investing the proceeds in an policy was "safe";

f.   failing to adequately disclose the true costs necessary to sustain the policies necessary to achieve the intended results of the investment plan;

g.   failing to adequately disclose the true nature of equity-indexed universal life insurance policies and the penalties imposed for liquidating such policies;

93.   Plaintiff reserves the right to allege other violations which constitute other unlawful business acts or practices. Upon information and belief, Defendant's wrongful conduct in violation of § 17200, *et seq.* is ongoing and

41

1    continues to this date.

2        94.    There were reasonably available alternatives to further Defendant's

3    legitimate business interests, other than the conduct described herein.

4        95.    Defendant's actions, claims, nondisclosures, and misleading

5    statements, as alleged in this Complaint, likely to deceive Plaintiff and the public,

6    and were intended to deceive Plaintiff and members of the public. Plaintiff and

7    class members have in fact been deceived and have relied on Defendant's

8    representations and omissions. This reliance has caused harm to Plaintiff and class

9    members. Plaintiff and class members have suffered injury in fact and lost money

10   as a result of Defendant's unlawful, unfair, and fraudulent practices.

11       96.    As a result of its deception, Defendant has been able to reap unjust

12   revenue and profit. Further, upon information and belief, unless restrained and

13   enjoined, Defendant will continue to engage in the above-described conduct.

14   Accordingly, injunctive relief is appropriate.

15                        **FIFTH CAUSE OF ACTION**

16   **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT**
17                    **(Cal. Civil Code § 1750 et seq.)**
18
19       97.    Plaintiff adopts, re-alleges and incorporates herein each and every

20   allegation in Paragraphs 1 through 98, as though fully set forth herein.

21       98.    As set forth herein, Defendants misrepresented the nature and

22   liquidity of the equity-indexed universal life insurance policies in question.

                                    42

99.   Such actions constitute unfair methods of competition, and deceptive and unfair acts and practices pursuant to the Consumer Legal Remedies Act. Defendants disseminated misrepresentations common to Plaintiff and members of the putative class.

100.   Defendants' actions were intended to, and did result in a sale of goods and/or to Plaintiff members of the putative class.

101.   Plaintiff and members of the putative class are consumers under the Consumer Legal Remedies Act.

102.   Defendants violated the Consumer Legal Remedies Act by, among other things:

a.   representing the policies to have uses and benefits which they do not have;

b.   representing that the policies are of "investment grade" or similarly suitable;

c.   representing that Plaintiff and members of the putative class would receive an economic benefit that was to occur subsequent to purchase of the polices which did not, and could not have, occurred; and

d.   engaging in other prohibited and unlawful acts.

103.   Defendants' actions have caused harm to Plaintiff and members of the putative class.  Plaintiff seeks to remedy this harm by appropriate injunctive relief,

43

1  actual damages, and any other relief the court deems proper.

2  **SIXTH CAUSE OF ACTION**

3  **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR**
4  **DEALING**

5
6  104.  Plaintiff adopts, re-alleges and incorporates herein each and every

7  allegation in Paragraphs 1 through 105, as though fully set forth herein.

8  105.  Defendants have breached their duty of good faith and fair dealing

9  owed to Plaintiff and members of the putative class, in the following respects:

10  106.  Defendants unreasonably and in bad faith misrepresented pertinent

11  facts and policy provisions relating to the liquidity and appropriateness of

12  coverage;

13  107.  Defendants failed to give equal consideration to the interests of

14  Plaintiff in relation to their own interests; and

15  108.  Defendants knowingly allowed the policy to be issued despite the fact

16  it was inappropriate for Plaintiff.

17  109.  Upon information and belief, Defendants have breached their duty of

18  good faith and fair dealing owed to Plaintiff and members of the putative class by

19  other acts and omissions of which he is not presently aware.  Plaintiff may seek

20  leave of court to amend this Complaint at such time as he ascertains and discovers

21  the other acts or omissions constituting further breach. As a proximate result of the

22  aforementioned wrongful conduct of Defendants, as set forth in detail herein,

44

1  Plaintiff and members of the putative class have suffered and will continue to

2  suffer, damages stemming from Defendant's breach of the implied covenant of

3  good faith and fair dealing for a total amount to be shown at trial.

4      110. As a further proximate result of the aforementioned wrongful conduct

5  of Defendants, Plaintiff and members of the putative class have suffered and will

6  continue to suffer incidental damages and out of pocket expenses, all to Plaintiff's

7  and members' of the putative class detriment in a total amount to be shown at trial.

8      111. As a further and proximate result of the aforementioned wrongful

9  conduct of Defendants, Plaintiff was compelled to retain legal counsel to protect

10  his interests. Therefore, Defendants are liable to Plaintiff for those attorney fees

11  and costs reasonably and necessarily incurred to protect his interests in a sum to be

12  determined at trial;

13      112. Plaintiff alleges that the aforementioned conduct was undertaken by

14  Defendants and/or their agents with an intent to harm Plaintiff and members of the

15  putative class, or was undertaken with a conscious disregard for Plaintiff's and

16  members' of the putative class rights and was despicable, or fraudulent in nature,

17  such as to warrant an award of punitive damages against Defendants, as set forth in

18  California Civil Code § 3294 in an amount to be proven at trial.

19

20

CLASS ACTION COMPLAINT

## SEVENTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTIES

113.   Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 114, as though fully set forth herein.

114.   To the extent necessary, this claim is pled in the alternative to those claims asserted on behalf of the putative class and/or is asserted on behalf of Plaintiff alone.

115.   There exists a fiduciary duty between Plaintiff and each Defendant, because Plaintiff reposed in each of them great trust with his financial affairs and investments, and trusted them with his retirement plan;

116.   Plaintiff alleges that Defendants each breached the fiduciary duty owed to Plaintiff in the following respects:

a.   Defendants advised him to refinance his home, and invest the proceeds in an equity-indexed universal life policy, which greatly exceed his stated risk-tolerance and stated financial goals;

Defendants represented to Plaintiff that his investment in life insurance would be liquid when in fact by an average person's understanding it is not;

b.   Said Defendants directed him into a life insurance policy which has initial payments exceeding his annual income;

46

c. Defendants' interests conflicted with the Plaintiff's and the Defendants put their interests before the Plaintiff's;

d. he Defendants engaged in self-dealing at the expense of the Plaintiff; and

e. Defendants caused forfeiture on the part of Plaintiff by exorbitant fees and penalties for early withdrawal from the life insurance policy.

## EIGHTH CAUSE OF ACTION

### FRAUD

117. Plaintiff adopts, re-alleges and incorporates herein each and every allegation in Paragraphs 1 through 119, as though fully set forth herein.

118. To the extent necessary, this claim is pled in the alternative to those claims asserted on behalf of the putative class and/or is asserted on behalf of Plaintiff alone.

119. At all times material hereto, Defendants were under a duty to not misrepresent, or to disclose, the true nature of the equity-indexed universal life insurance policy and investment plan, to Plaintiff.

120. Defendants' representations set forth herein were false. Defendants' representations that the policy was "investment grade," "safe," "liquid," and better for Plaintiff's needs than other investments or comparable products were false. Further, Defendants' representations regarding the potential and/or expected rate of

47

return on the policy, and regarding the financial need and wisdom of stripping the equity out of Plaintiff's home to purchase the policy in question were also false. Defendants also made additional misrepresentations which can be uncovered through discovery.

121. Defendant makes these, and similar misrepresentations, on marketing materials, in emails and other correspondence, in "illustrations," and in other documents which were sent or given to Plaintiff. The dates of some of these occurrences are set forth herein. Other dates are currently within Defendants' sole possession or control. Defendants also falsely held themselves out as a team of experts, well-versed in financial matters, who were representing Plaintiff's interests above their own.

122. Defendants knew these representations were false at the time they made them. Defendants made these representations and omitted material facts with the intent to defraud and deceive Plaintiff.

123. Plaintiff believed Defendants' statements to be true and, in reliance on those statements, paid fees and other costs and retained Defendants' services. Plaintiff was ignorant of the falsity of Defendants' representations and believed them to be true.

124. Plaintiff reasonably relied on Defendants' representations because of the reasons set out herein, including Defendant's affirmative acts of concealment.

CLASS ACTION COMPLAINT

Plaintiff had no reason to suspect that Defendants' statements were untrue or misleading or that Defendant was intentionally omitting material facts.

125. As a direct and proximate result of Defendants' intentional misrepresentations and intentional concealment of material facts, Plaintiff purchased the policy in question, stripped equity out of their homes to do so, paid related fees and charges, and otherwise changed their course of conduct.

126. The above-described conduct by Defendants was willful, wanton, and fraudulent, and was intended to, did, and does cause injury to Plaintiff. Plaintiff is therefore entitled to an award of punitive or exemplary damages.

127. Defendants' misrepresentation and failure to disclose important information to Plaintiff was material to Plaintiff's decisions and ensuing conduct. As a result of Plaintiff's reasonable reliance on Defendants' representations and repeated assurances, Plaintiff changed his financial position and put himself in harm's way, causing financial injury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them, as follows:

128. For an Order certifying this action as a class action under Federal Rule of Civil Procedure 23 as set forth herein;

129. For actual and compensatory damages in such amount as the Court or

1  jury deems just and proper;

2  130.  For statutory, treble, and punitive damages for all Cause of Action

3  alleged herein for which such damages are permissible under applicable law,

4  including RICO, sufficient to punish Defendants and to deter further malicious

5  fraudulent, and oppressive conduct, in such amount as the Court or jury deems just

6  and proper;

7  131.  For attorney's fees and costs for all Cause of Action alleged herein for

8  which such amounts are permissible under applicable law, including California

9  Code of Civil Procedure § 1021.5 and Federal RICO, in such amount as the Court

10  or jury deems just and proper;

11  132.  For prejudgment interest;

12  133.  For an Order requiring Defendant to provide notice to the class and to

13  pay for such notice;

14  134.  For imposition of a constructive trust, recessionary relief, and

15  injunctive relief, including prohibition of Defendants' unfair, illegal and fraudulent

16  business practices set forth herein, and including restitution and disgorgement of

17  ill-gotten profits; and

18  135.  All other relief which the Court and/or jury deems equitable and just.

## DEMAND FOR JURY TRIAL

20  Plaintiff on his own behalf and on behalf of the putative class, demands a

50

1    jury trial in the above captioned matter.

2

3    DATED: July 14, 2011

4

5                          By:    _____

6                                 Nicholas W. Armstrong

7

8    Nicholas W. Armstrong, Esq. (Bar No. 270963)
9    McCallum, Methvin & Terrell, PC
10   2201 Arlington Ave South
11   Birmingham, Alabama 35205
12   Tel: (205) 939-0199; Fax: (205) 939-0399

13   Gary A. Waldron, Esq. (Bar No. 99192)
14   David I. Lipsky, Esq. (Bar No. 51009)
15   Waldron & Brag, LLP
16   23 Corporate Plaza Drive, Suite 200
17   Newport Beach, California 92660-7901
18   Tel: (949) 760-0204; Fax: (949) 760-2507

19   Attorneys for Plaintiff

CLASS ACTION COMPLAINT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John Kronstadt and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

**CV11- 5871 (JAK) (JCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division** | **[ ] Southern Division** | **[ ] Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
OM Financial Life Insurance Company
Attn: Karen Harris
c/o Corporation Service Company
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Eddie L. Cressy | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | LACV11-5871 JAK (JLx) |
| v. | |
| OM Financial Life Ins. Co.; Ogan Financial Group, Inc.; Capital Line Financial, LLC; Paramount Financial Services, Inc.; Partnervest Advisory Services, LLC; Douglas Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and Robert Knight    DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Nicholas W. Armstrong_____, whose address is _McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUL 1 8 2011__          By: _____
                                         Deputy Clerk
                                     (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          SUMMONS

Name & Address:

Ogan Financial Group, Inc.
c/o Reg. Agent, Kenneth R. Ogan, Jr.
2775 Tapo Street, Suite 204
Simi Valley, CA 93063

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Eddie L. Cressy

PLAINTIFF(S)

v.

OM Financial Life Ins. Co.; Ogan Financial Group, Inc.;
Capital Line Financial, LLC; Paramount Financial Services,
Inc.; Partnervest Advisory Services, LLC; Douglas
Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and
Robert Knight

DEFENDANT(S).

CASE NUMBER

LACV11-5871JAK(JCx)

**SUMMONS**

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Nicholas W. Armstrong_, whose address is _McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUL 1 8 2011__

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

Name & Address:

Capital Line Financial, LLC
c/o Reg. Agent, William J. Tessar
23925 Park Sorrento, # 200
Calabasas, CA 91302

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eddie L. Cressy<br><br>PLAINTIFF(S)<br>v.<br>OM Financial Life Ins. Co.; Ogan Financial Group, Inc.; Capital Line Financial, LLC; Paramount Financial Services, Inc.; Partnervest Advisory Services, LLC; Douglas Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and Robert Knight   DEFENDANT(S). | CASE NUMBER<br><br>LACV11-5871 JAK (JCx)<br><br><br><br>SUMMONS |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Nicholas W. Armstrong , whose address is McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JUL 18 2011                By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              SUMMONS

Name & Address:

Paramount Financial Services, Inc.
c/o Reg. Agent, Douglas R. Andrew
6340 S. 3000 E # 280
Salt Lake City, Utah 84121

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eddie L. Cressy<br><br><br>PLAINTIFF(S)<br>v.<br><br>OM Financial Life Ins. Co.; Ogan Financial Group, Inc.;<br>Capital Line Financial, LLC; Paramount Financial Services,<br>Inc.; Partnervest Advisory Services, LLC; Douglas<br>Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and<br>Robert Knight<br>DEFENDANT(S). | CASE NUMBER<br><br>LACV11-5871 JAK(Jx)<br><br><br>SUMMONS |

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Nicholas W. Armstrong_____, whose address is _McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUL 18 2011___          By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              SUMMONS

Name & Address:

Partnervest Advisory Services, Inc.
c/o Golden State Documents, Inc.
10943 Mayfield Road
Houston, TX 77043-3908

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Eddie L. Cressy | CASE NUMBER |
| | |

PLAINTIFF(S)

# LACV11-5871 JAK(JCx)

v.

OM Financial Life Ins. Co.; Ogan Financial Group, Inc.;
Capital Line Financial, LLC; Paramount Financial Services,
Inc.; Partnervest Advisory Services, LLC; Douglas
Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and
Robert Knight

DEFENDANT(S).

**SUMMONS**

TO:    DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, _Nicholas W. Armstrong_____, whose address is
_McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205_.  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUL 18 2011___          By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

Name & Address:

Douglas Andrew
2420 Wrenhaven Lane
Salt Lake City, Utah 84121-2365

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eddie L. Cressy | **CASE NUMBER** |
| **PLAINTIFF(S)** | |
| v. | LACV11-5871 JAK(JCx) |
| OM Financial Life Ins. Co.; Ogan Financial Group, Inc.; Capital Line Financial, LLC; Paramount Financial Services, Inc.; Partnervest Advisory Services, LLC; Douglas Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and Robert Knight   **DEFENDANT(S).** | **SUMMONS** |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Nicholas W. Armstrong</u>, whose address is <u>McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____JUL 18 2011____        By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

Name & Address:

William J. Tessar
638 Oak Tree Street
Simi Valley, CA 93065-8224

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eddie L. Cressy | CASE NUMBER |
| PLAINTIFF(S) | LACV11-5871 JAK(Jx) |
| v. | |
| OM Financial Life Ins. Co.; Ogan Financial Group, Inc.; Capital Line Financial, LLC; Paramount Financial Services, Inc.; Partnervest Advisory Services, LLC; Douglas Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and Robert Knight **DEFENDANT(S).** | **SUMMONS** |

TO:     DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Nicholas W. Armstrong , whose address is McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205 . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___JUL 1 8 2011___

By: _____
              Deputy Clerk

· (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         SUMMONS

Name & Address:

Kenneth R. Ogan, Jr.
980 Enchanted Way, Suite 206
Simi Valley, CA 93065-0913

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Eddie L. Cressy

PLAINTIFF(S)

v.

OM Financial Life Ins. Co.; Ogan Financial Group, Inc.;
Capital Line Financial, LLC; Paramount Financial Services,
Inc.; Partnervest Advisory Services, LLC; Douglas
Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and
Robert Knight

DEFENDANT(S).

CASE NUMBER

# LACV11-5871 JAK (JCx)

## SUMMONS

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer
or motion must be served on the plaintiff's attorney, Nicholas W. Armstrong_____, whose address is
McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205 . If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated:    JUL 18 2011                        By: _____

                                                    Deputy Clerk

                                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed
60 days by Rule 12(a)(3)].*

CV-01A (12/07)                              SUMMONS

Name & Address:

Robert Knight
980 Enchanted Way, Suite 206
Simi Valley, CA 93065-0913

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Eddie L. Cressy

PLAINTIFF(S)

v.

OM Financial Life Ins. Co.; Ogan Financial Group, Inc.;
Capital Line Financial, LLC; Paramount Financial Services,
Inc.; Partnervest Advisory Services, LLC; Douglas
Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and
Robert Knight

DEFENDANT(S).

| CASE NUMBER |
| --- |
| **LACV11-5871** JAK (JCx) |

**SUMMONS**

TO:    DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Nicholas W. Armstrong_____, whose address is _McCallum, Methvin & Terrell, P.C., 2201 Arlington Ave. South, Birmingham, AL 35205_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ____JUL 1 8 2011____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS OM Financial Life Ins. Co.; Ogan Financial Group, Inc., |
|---|---|
| Eddie L. Cressy | Capital Line Financial, LLC; Paramount Financial Services, Inc.; Partnervest Advisory Services, LLC; Douglas Andrew; William J. Tessar; Kenneth R. Ogan, Jr.; and Robert Knight |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Nicholas W. Armstrong, Esq.<br><br>McCallum, Methvin & Terrell, P.C.; 2201 Arlington Avenue South<br><br>Birmingham, AL 35205    Tel: (205) 939-0199 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes   ☐ No          ☒ MONEY DEMANDED IN COMPLAINT: $ undetermined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 UCS 1962; 18 USC 1964

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☒ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number: _____   **LACV11-5871**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Ventura, Los Angeles, Santa Barbara | Maryland, Utah |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date _7/14/2011_

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |