1  Robert D. Phillips, Jr. (SBN 82639)
   rphillips@reedsmith.com
2  Brett B. Goodman (SBN 260899)
   bgoodman@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA  90071-1514
   Telephone:   213 457 8000
5
6  Linda B. Oliver (SBN 166720)
   loliver@reedsmith.com
7  REED SMITH LLP
   101 Second Street, Suite 1800
8  San Francisco, CA  94105-3659
   Telephone:   415 543 8700
9  Frank A. Taylor (Pro Hac Vice)
   ftaylor@briggs.com
10 Julie H. Firestone (Pro Hac Vice)
   jfirestone@briggs.com
11 Jessica J. Stomski (Pro Hac Vice)
   jstomski@briggs.com
12 BRIGGS & MORGAN, P.A.
   2000 IDS Center
13 80 South 8th Street
   Minneapolis, MN 55402
14 Telephone:   612-977-8400

15 Attorneys for Defendant Fidelity & Guaranty Life Insurance Company, formerly
   known as OM Financial Life Insurance Company
16 (Additional Counsel Listed on Signature Page)

17                         UNITED STATES DISTRICT COURT

18                        CENTRAL DISTRICT OF CALIFORNIA

19                                WESTERN DIVISION

| 20 | EDDIE L. CRESSY, | No.: LACV 11-5871-JAK (JCx) |
|---|---|---|
| 21 | Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| 22 | vs. | |
| 23 | OM FINANCIAL LIFE INSURANCE COMPANY, et al., | [CROSS-REFERENCING ERRORS CORRECTED IN PARAGRAPH 6, PAGE 5, LINES 22, 24] |
| 24 | Defendant. | |

         Pursuant to the Stipulation of the Parties, good cause appearing therein,

IT IS HEREBY ORDERED, as follows:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**Designation of Discovery Material as Confidential**

1. The term "Discovery Material" includes, but is not limited to, the following materials: documents, tangible things, deposition testimony and transcripts thereof, interrogatory responses, responses to requests for admissions, or responses to requests for production that are (a) served or produced by a party to the above-captioned action "(Action)", or (b) produced by a non-party to this Action pursuant to a subpoena or other request, formal or informal.

2. The terms "document" and "electronically stored information" ("ESI") are defined as provided in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy shall be considered a separate document.

3. A party or non-party may designate Discovery Material as "confidential" using the procedures in Paragraph 4, below, but may only use this confidential designation when the Discovery Material is or contains confidential or proprietary information, which may include but is not limited to: personal, personnel, financial, compensation, trade secrets, competitively sensitive, proprietary, customer, client, investor, or other non-public information. This itemized list is not exhaustive and the parties may supplement or amend this list in good faith.

4. The process for designating Discovery Material as "confidential" is as follows:

   a. Except as noted below at Paragraph 4(b), Discovery Material shall be designated as confidential by affixing the appropriate stamp with the word "CONFIDENTIAL" on each page of the document (in a manner that will not interfere with legibility) before copies thereof are delivered to another party.

   b. ESI that is produced in its native format shall be designated as confidential by affixing the appropriate stamp with the word "CONFIDENTIAL" on the medium containing the ESI (including, e.g., tapes, CDs and DVDs) before copies are delivered to another party and on any corresponding placeholder provided in static format.

  c. Interrogatory responses, responses to requests for admission, or responses to requests for production may be designated as confidential by typing, writing or affixing the appropriate stamp with the word "CONFIDENTIAL " immediately in front of the interrogatory responses, responses to requests for admission, or responses to requests for production before copies thereof are served on another party.

  d. Portions of depositions may be designated as confidential after transcription, provided written notice of such designation is given to all counsel of record within 14 days after notice by the court reporter of the completion and availability of the deposition transcription.  A party or non-party designating a portion of any deposition transcript as confidential must identify the page and line number of the designated testimony in the deposition in the transcript in the written notice to the other parties and any non-parties who are the subject of the designated testimony.  A party or non-party designating audio/video-cassettes (or other storage media) containing deposition testimony as confidential (not otherwise transcribed) shall note the start time and end time of the designated testimony in the video in the written notice to the other parties and any non-parties who are the subject of the designated testimony.

  e. Deposition testimony, transcripts, and audio/video recordings conducted during pretrial discovery in this Action shall be presumptively treated as confidential for a period of 14 days after transmission of such deposition, testimony, transcript, or audio/video recordings to allow time for the deponent, a party, or any non-parties who are the subject of the testimony to notify the parties or non-parties of a confidential designation. Any portion of deposition testimony, transcript, and audio/video recordings which is not designated as confidential within 14 days after transmission of such deposition testimony, transcript, or audio/video recordings shall not be treated as confidential.

**Authorized Use of Confidential Discovery Material**

5. All persons obtaining access to Discovery Material produced in this Action may use such Discovery Material for the purpose of this Action only and not for any other purposes. Provided, however, nothing in this Protective Order shall limit or restrict a party's right to use Discovery Material or any information properly and lawfully obtained independent of discovery in this Action in any manner that the party deems appropriate.

6. Discovery Material designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may be disclosed only to the following entities or persons:

    a. The Court and Court personnel, including secretarial or other clerical personnel, stenographers or other persons involved in taking, transcribing, or recording testimony in this Action, and jurors;

    b. A court of competent jurisdiction in a proceeding by a party made in connection with this Action (e.g., a subpoena, FOIA request, or similar discovery request made to obtain Discovery Material for use in this Action) provided that the party disclosing the Discovery Material designated confidential submits same with a motion requesting leave to file it under seal;

    c. A court of competent jurisdiction in a proceeding brought by counsel in this Action to recover costs or fees owed to counsel by his or her client incurred in connection with this Action, or by counsel in this Action to defend against any action for malpractice or negligence arising out of this Action, provided that the party disclosing the Discovery Material designated confidential submits same with a motion requesting leave to file it under seal;

    d. The parties, the parties' employees, the parties' inside counsel including persons to whom it is necessary to disclose to prosecute or defend this Action, such as litigation assistants, paralegals, and secretarial or other clerical personnel;

e. The parties' outside counsel to whom it is necessary to disclose to prosecute or defend this Action including litigation assistants, paralegals, and secretarial or other clerical personnel;

f. Defendants' insurers and their counsel;

g. Without waiving the right to object to the admission of testimony or documents, any person providing testimony in the Action during a deposition, hearing, or trial ("Witness") and the Witness's counsel so long as such disclosure is made during the course of the deposition, hearing, or trial AND provided that the Witness, based upon the document itself, testimony already provided, or other evidence, appears to have knowledge of the contents of the document or the events, transactions, discussions, or data reflected in the document;

h. Any potential fact witness and their counsel that a party believes, in good faith, may provide testimony at a deposition, hearing, or trial in this Action, in advance of their testimony and in the course of assisting their preparation to testify;

i. With respect to any specific Discovery Material, any person who created, received or had previously seen that specific document;

j. Consultants and experts, including principals and employees of the firm with which consultants or experts are associated, or litigation support services, including outside vendors, court reporters, or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, retained by a party for the purpose of assisting that party in this Action.

Persons described in Paragraphs 6.d. and 6.e., above, shall be deemed bound by the terms of this Order upon its entry by the Court.  Prior to disclosing any confidential Discovery Material to any person identified in Paragraphs 6.g.–j., counsel shall provide such person with a copy of this Protective Order and obtain from them an executed Confidentiality Agreement in the form attached hereto as Exhibit A.  All such Confidentiality Agreements shall be retained by counsel disclosing confidential

Discovery Material and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

7. Nothing in this Protective Order shall prevent any party from using or disclosing either its own documents or information that it has obtained by means other than discovery in connection with this action. It shall not be necessary for the Court to modify this Protective Order in order to permit a producing party voluntarily to make available in another action documents, information or other things that it produces in this action.

**Inadvertent Disclosure or Production of Confidential Discovery Material**

8. If Discovery Material designated confidential is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of the disclosure, inform all other parties or non-parties of all pertinent facts relating to such disclosure and shall make every effort to retrieve the confidential Discovery Material and to prevent the occurrence of any further disclosure unauthorized by this Order.

9. Inadvertent production of or failure to designate any Discovery Material as confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such Discovery Material as confidential as provided in Paragraphs 4 and 10.

10. If, after the exercise of due care, confidential Discovery Material is inadvertently not labeled as such by the producing party, the producing party may subsequently request of the receiving party that the receiving party accept substitute, properly labeled copies and that the receiving party thereafter treat said Discovery Material as confidential pursuant to this Order. If the receiving party refuses such a request, then the parties shall comply with Local Rule 37 in preparing and filing a joint stipulation to resolve the dispute. In such circumstances, the receiving party

shall presumptively treat the Discovery Material as confidential pursuant to this Order pending the Court's ruling.

11. Inadvertent production of any Discovery Material designated as confidential shall be without prejudice to any claim that such Discovery Material is protected from disclosure by any applicable privilege including, without limitation, the attorney-client privilege, accountant-client privilege, self-evaluative privilege or attorney work-product doctrine, and no party shall be held to have waived any rights by such inadvertent production. If the claim of inadvertent production is made pursuant to this Paragraph with respect to any Discovery Material then in the custody of another party, the producing party may request of the receiving party that the receiving party return or destroy such Material. If the receiving party refuses such a request, then the producing party may file a motion with the Court seeking an order directing the receiving party to return or destroy such Material. Both parties may use such Material for the purposes of arguing this motion.

### Disclosure of Confidential Discovery Material Via Court Filings

12. If Discovery Material designated as confidential is included in any papers to be filed with the Court, such papers shall be filed with a motion requesting leave to file them under seal.

### Challenges to Designations

13. A party may object to the designation of particular Discovery Material as confidential by giving written notice to the designating party or non-party. The parties shall address such a dispute in accordance with Local Rule 37. While the joint stipulation is pending, the Discovery Material at issue shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. The party designating the Discovery Material as confidential shall bear the burden of establishing that the Discovery Materials are confidential. Nothing in this Protective Order precludes any party from challenging a designation on any other ground.

**Efforts by Non-Parties to Obtain Confidential Discovery Material**

14. If any party has obtained Discovery Material under the terms of this Protective Order and receives a subpoena or other compulsory process commanding the production of confidential Discovery Material, such party shall notify the producing party or producing non-party no later than 10 days following receipt of the subpoena and shall include a copy of the subpoena or compulsory process and identify the deadline for the production of the confidential Discovery Material, so that the producer may file a motion for a protective order or to quash the subpoena or compulsory process. In the event the producer files such a motion, the subpoenaed party shall not produce any confidential Discovery Material in response to the subpoena without the prior written consent of the producer unless in response to an order of a court of competent jurisdiction, or unless a failure to produce immediately the confidential Discovery Material would likely subject the subpoenaed party to sanctions.

15. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such confidential Discovery Material for the sole purpose of seeking to prevent or restrict disclosure thereof.

**Use of Confidential Discovery Material at Trial and Hearings**

16. The parties shall comply with Local Rule 79, and all other applicable law, in submitting confidential material to the Court. When a party designates Material as "confidential" they shall do so only if there are compelling reasons for requesting that such Material be filed under seal pursuant to applicable law. By so designating, a party represents that compelling reasons exist and shall provide those reasons when, and if necesssary to justify a request to file documents under seal.

17. Nothing in this Protective Order shall prevent counsel from referencing material designated as "CONFIDENTIAL" in oral arguments.

## Termination of Action

18. Within 60 days of the conclusion of this Action, any producing party or non-party may request that another destroy any Discovery Material (other than outside counsel's copies of Discovery Material filed with the Court and outside counsel's file copies of papers prepared in connection with this Action), which request shall be honored. Upon request, a party shall confirm in writing that Discovery Material has been destroyed. Nothing in this paragraph shall limit the rights, if any, of any party or non-party to object to and move the Court for an order permitting the retention of any Discovery Material. To the extent any person retains copies of certain Discovery Material pursuant to the terms of this Paragraph, such information shall continue to be subject to the protections provided by this Order. In addition, all obligations and restrictions in this Order regarding the use by any person of information or knowledge obtained from Discovery Materials shall continue even after such Discovery Materials are returned or destroyed.

## Miscellaneous

19. This Protective Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Protective Order shall not affect the scope of discovery by any party.

20. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

IT IS SO ORDERED this 28th day of March, 2012.

/s/
Hon. Jacqueline Chooljian
United States Magistrate Judge

# EXHIBIT "A" TO PROTECTIVE ORDER

**EDDIE L. CRESSY V. OM FINANCIAL LIFE INSURANCE COMPANY ET AL.**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO. 2:11-CV-05871-JAK-JC**

## DECLARATION RE PROTECTIVE ORDER

I, _____, hereby declare:

1. I have reviewed the foregoing Protective Order, and am familiar with its contents.

2. As a condition to being permitted access to material designated as "CONFIDENTIAL" in the above-captioned matter, I agree to be bound by the terms and conditions of the Protective Order and promise to comply with the Protective Order.

3. As a further condition to being permitted access to material designated as "CONFIDENTIAL" in the above-captioned matter, I agree on behalf of myself and, to the extent applicable, my employer, to submit to personal jurisdiction in California before the above-entitled Court for purposes of any dispute arising from the Protective Order, including its enforcement.

4. If I am signing on behalf of a firm of third-party contractors, court reporters, videographers, or outside litigation consultants, I further state that I have authority to sign on behalf of my firm, and that I will make sure that all firm personnel who work on this litigation are made aware of this Protective Order and the firm's responsibilities hereunder.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this ____ day of _____, _____ at _____.

_____
[signature]

_____
[printed name]