P. Michael Yancey (admitted Pro Hac Vice)
Email: myancey@mmlaw.net
Nicholas W. Armstrong (Bar No. 270963)
Email: narmstrong@mmlaw.net
**McCallum, Methvin & Terrell, PC**
Attorneys for Class Plaintiff
2201 Arlington Ave South
Birmingham, Alabama 35205
Tel: (205) 939-0199; Fax: (205) 939-0399
(additional counsel listed on signature page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDDIE L. CRESSY, | CASE NO.: LACV 11-5871-JAK (JCx) |
| Plaintiff, | Hon. John A. Kronstadt |
| v. | |
| OM FINANCIAL LIFE INSURANCE COMPANY; OGAN FINANCIAL GROUP, INC.; PARAMOUNT FINANCIAL SERVICES, INC.; DOUGLAS ANDREW; and KENNETH R. OGAN, JR.; | **PLAINTIFF'S NOTICE OF INTERVENING AUTHORITY** |
| Defendants. | |

Since the last briefing on the pending motions to dismiss, the Supreme Court of California has issued an opinion which establishes that the discovery rule applies to Plaintiff's claims under California Business and Professional Code § 17200, *et seq*. and § 17500, *et seq*,.   This case, *Aryeh v. Canon Business Solutions, Inc*., 151 Cal.Rptr.3d 827 (Cal. 2013), resolves the only concern the Court expressed in its minutes in allowing these claims to proceed.[1]   *Aryeh* also shows that the continuing acts doctrine applies to Plaintiff's state law claims to prevent the running of the statute of limitations.   Below, Plaintiff briefly outlines the Supreme Court of California's decision and shows how it applies to this case.

A.   ***Aryeh* Holds That All Common Law Equitable Exceptions To The Statute Of Limitations Apply To UCL Claims.**

In *Aryeh*, a small copy business leased a copy machine from Canon Business Solutions, Inc.  *Aryeh*, 151 Cal.Rptr.3d at 830.  After entering into this lease, Aryeh noticed that a difference between the number of copies made on the machine and the meter readings Canon took.  *Id*. at 831.  Aryeh attributed this difference to the test copies Canon employees were running during service copies.  *Id*.  These test copies put Aryeh over his monthly allowances and resulted in him owing excess copy charges and late fees.  *Id*.

Aryeh filed a complaint in California state court alleging that this practice violated the unfair competition law, Bus. & Prof. Code §17200 *et seq*. ("UCL"), and alleged class allegations.  *Id*.  Canon argued that this claim was barred by the statute of limitations as the first violation occurred in February 2002 while Aryeh did not file suit until January 2008, more than four years later.  *Id*  The trial court agreed, finding that the "the clock [on a UCL claim] starts running when the first violation occurs," and the California Court of Appeal affirmed.  *Id*.

The Supreme Court of California reversed in a far reaching opinion which

---

[1] A copy of *Aryeh* is attached as Exhibit A.

settles the law on the application of equitable exceptions to the running of statute of limitations for UCL claims.  First, the Court noted that at common law the statute of limitations begins to run when a claim accrues, and that a claim generally accrues when the last element of that claim is complete.  *Id*. at 832.  However, "[t]o align the actual application of the limitations defense more close to the goals animating it, the courts and Legislature have over time developed a handful of equitable exceptions to and modifications of the usual rules governing limitations periods."  *Id*.  The five of these exceptions are: (1) the discovery rule, (2) equitable tolling, (3) fraudulent concealment, (4) the continuing violation doctrine, and (5) the theory of continuous accrual.  *Id*.

Importantly***, the Court found that such common law exceptions—including the discovery rule—apply to UCL claims***.  *Id*. at 832-836.  Both the silence in the statute itself of any other application and the legislative history behind the UCL required such a finding.  *Id*.  Further, the Court noted that the line of cases holding otherwise could all be traced back to a single federal district court decision (*Stutz Motor Car of America v. Reebok Intern. Ltd.*, 909 F. Supp. 1353 (C.D. Cal. 1995) which "misstated California law."  *Id*. at 834.  Thus, the Court continued, "that a cause of action was pleaded under the UCL should not preclude application of an equitable exception to the usual accrual rule; just like common law claims challenging fraudulent conduct, a UCL deceptive practices claim should accrue 'only when a reasonable person would have discovered the factual basis for a claim.'"  *Id*. at 836. (citing and quoting with approval *Broberg v. The Guardian Life Ins. Co of America*, 171 Cal.App.4th 912 (2009)).  Therefore, "the UCL is governed by common law accrual rules to the same extent as any other statute. That a cause of action is labeled a UCL claim is not dispositive; instead, the nature of the right sued upon and the circumstances attending its invocation control the point of accrual."  *Id*. (citations omitted).

The Court's application of these principles to the facts before it is instructive.

1   Aryeh relied upon two of the equitable exceptions the Court identified to preserve his

2   claims:  the continuing violation doctrine and the theory of continuous accrual.  *Id*. at

3   837-838.   Under the continuing violation doctrine, "[a]llegations of a pattern of

4   reasonably frequent and similar acts may, in a given case, justify threating the acts as

5   an indivisible course of conduct actionable in its entirety, notwithstanding that the

6   conduct occurred partially outside and partially inside the limitations period."  *Id*. at

7   837.  Those hurt by such acts "should not be handicapped by the inability to identify

8   with certainty when harm has occurred or has risen to a level sufficient to warrant

9   action" and application of this doctrine also serves interests of court-efficiency by

10  ensuring that parties do not seek judicial relief prematurely.  *Id*.

11      However, Aryeh had alleged a series of "discrete, independently actionable

12  alleged wrongs," and thus did not rely upon the continuing violation doctrine.   *Id*. at

13  837.  Rather, he relied upon the theory of continuous accrual.  "Generally speaking,

14  continuous accrual applies whenever there is a continuing or recurring

15  obligation….Because each new breach of such an obligation provides all the elements

16  of a claim—wrongdoing, harm, and causation—each may be treated as an

17  independently actionable wrong with its own time limit for recovery."  *Id*. at 838.

18  (citation omitted).  Notably, the duty Canon owed to Aryeh was "not to impose unfair

19  charges in monthly bills," and so was continuing, "susceptible to recurring breaches."

20  *Id*. at 839.  Therefore, each time the wrongful fees in question were charged a new

21  breach occurred, and Aryeh could recover for each of these breaches which occurred

22  within the four year limitations period.  *Id*. at 839-840.

23  **B.     Under *Aryeh* The Discovery Rule Applies To Plaintiff's State Law Claims.**

24      The California Supreme Court's decision in *Aryeh* should resolve this Court's

25  concern that Plaintiff's state law claims are time barred.  In the Second Amended

26  Complaint, Plaintiff alleged in detail how that the discovery rule applied to his claims.

27  And, in its minutes, the Court noted that it "is inclined to find that the additional

28  allegations of the Second Amended Complaint ("SAC") are sufficient to plead the

1    applicability of the discovery rule to claims that might otherwise be time-barred."
2    Doc. 131, p. 2.  However, the Court expressed concern that under California law the
3    discovery rule did not apply to these claim, stating that it:

4    > is inclined to find that the discovery rule does not apply to Plaintiff's
5    > third and fourth causes of action, for violations of California Business
6    > and Professional Code § 17200, *et seq.* and § 17500, *et seq.*, under *Karl*
7    > *Storz Endoscopy-America, Inc. v. Surgical Technologies, Inc.*, 285 F.3d
8    > 848, 857 (9th Cir. 2002).  The Court recognizes that this issue is now
9    > pending before the California Supreme Court (*Aryeh v. Canon Bus.*
10   > *Solutions*, 116 Cal. Reptr. 3d 881 (Cal. Oct. 20, 2010)).  Should the
11   > California Supreme Court determine that the discovery rule does apply to
12   > such claims while this action is still before the Court, these causes of
13   > action may be renewed.

14   Doc. 131, p. 2.

15          Importantly, the California Supreme Court has decided *Aryeh* and clearly held
16   that the discovery rule ***does apply*** to UCL claims under § 17200 (and thus presumably
17   to claims under the similar § 17500).  *Aryeh*, 151 Cal.Rptr.3d at 832-836.  In fact, the
18   California Supreme Court cited the discovery rule as the "most important" of the
19   equitable doctrines, which "postpones accrual of a cause of action until the plaintiff
20   discovers, or has reason to discover, the cause of action."  *Id.* at 832 (quoting *Norgart*
21   *v. Upjohn*, 21 Cal. 4th 383, 397 (Cal. 1999)). Further, in doing so, the California
22   Supreme Court also criticized the *Karl Storz* decision, which—although it did not
23   expressly rely upon the wrongly decided *Stutz* decision—nonetheless "also asserted
24   that UCL claims never run from the date of their discovery, but it offered only an ipse
25   dixit, with no reasoning to support its construction of California law."  *Id.* at 834, n. 4.

26          *Aryeh* establishes that the discovery rule applies to Plaintiff's UCL claims in
27   this case. Therefore, Plaintiff respectfully submits that the Court should deny
28   Defendants' motions to dismiss these claims and allow this case to proceed.

**C.**   ***Aryeh* Also Establishes That The Continuing Acts Doctrine Applies To Plaintiff's State Law Claims.**

Aside from resolving the question of whether the discovery rule applies to UCL claims, *Aryeh* is also instructive in that it shows that the continuing acts doctrine applies to Plaintiff's state law claims.  Defendants have argued that the continuing acts doctrine does not toll the statute of limitations "where there is but one initial injury…even if further damages occur after the statute has run."  Doc. 133, p. 8.  Defendants believe that the only wrongful act here was the sale of the policy and that the additional investments made by paying money into the policy in the years after the policy was issued are not sufficient to invoke the continuing acts doctrine.

The *Aryeh* decision shows that the Defendants' argument is misplaced.  As discussed above, in *Aryeh* the Court found that "[a]llegations of a pattern of reasonably frequent and similar acts may, in a given case, justify threating the acts as an indivisible course of conduct actionable in its entirety, notwithstanding that the conduct occurred partially outside and partially inside the limitations period." *Aryeh*, 151 Cal.Rptr.3d at 837.   Here, Plaintiff has expressly alleged that Defendants' wrongful acts were "part of a common and continuous pattern of unlawful and wrongful acts which has been ongoing for at least five years…." SAC, ¶ 96.  Included among these continuing acts are repeated misrepresentations made to Plaintiff which caused Plaintiff to make additional investments by paying additional amounts into the policy. *See id*, ¶¶ 72, 96.  Defendants fail to realize that the continuing acts doctrine does not turn on when the "initial injury" occurs, but rather on whether Plaintiff has alleged "a pattern of reasonably frequent and similar acts…." *Aryeh* at 837  Here, Plaintiff has made just such allegations.[2]  Therefore, Plaintiff respectfully submits that the Court should deny Defendants' motions to dismiss because the continuous acts

---

[2] It should also be noted that, just as in *Aryeh*, Plaintiff was injured by making payments during the limitations period—and Defendants violated their duty not to misrepresent the policy as an investment during the limitations period—justifying application of the theory of continuous accrual as well. *Aryeh,* 151 Cal.Rptr.3d at 839.

doctrine applies to Plaintiff's state law claims as well.


Dated:  March 4, 2013                    By:    /s/  Nicholas W. Armstrong



P. Michael Yancey (Admitted *Pro Hac Vice*)
Nicholas W. Armstrong (Bar No. 270963)
**McCallum Methvin & Terrell, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama  35205
Telephone:   (205) 939-0199
Facsimile:    (205) 939-0399

Gary A. Waldron (Bar No. 99192)
David I. Lipsky (Bar No. 51009)
**Waldron & Bragg, LLP**
23 Corporate Plaza Drive, Suite 200
Newport Beach, California  92660-7901
Telephone:   (949) 760-0204
Facsimile:    (949) 760-2507

*Attorneys for Plaintiff*

NOTICE OF INTERVENING AUTHORITY

## <u>CERTIFICATE OF SERVICE</u>

1

2

3          I hereby certify that on March 4, 2013, I electronically filed the foregoing with

the Clerk of the Court using the ECF system, which will send notification of such
4
filing to the following:
5

6
Frank A. Taylor, Esq.
7    Jessica J. Stomski, Esq.
Julie Firestone, Esq.
8    **BRIGGS AND MORGAN, P.C.**
9    2200 IDS Center
80 South Eighth Street
10   Minneapolis, MN  55402
11   (*Attorneys for Fidelity & Guaranty*
*Life Insurance Company*)
12

13   Linda B. Oliver, Esq.
Robert D. Phillips, Esq.
14   **REED SMITH, LLP**
15   355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071
16   (*Attorneys for Fidelity & Guaranty*
17   *Life Insurance Company*)

18
James S. Azadian, Esq.
19   David A. Robinson, Esq.
**ENTERPRISE COUNSEL GROUP, ALC**
20   3 Park Plaza, Suite 1400
21   Irvine, CA  92614
(*Attorneys for Paramount Financial*
22   *Services, Inc. and Douglas Andrew*)

23
J. Michael Hansen, Esq.
24   **STIRBA & ASSOCIATES**
25   215 South State Street, Suite 750
Salt Lake City, Utah  84111
26   (*Attorneys for Paramount Financial*
27   *Services, Inc. and Douglas Andrew*)

28

1    Stephen L. Burton, Esq.
     Stephen L. Burton Law Offices
2    15260 Ventura Boulevard
     Suite 640
3    Sherman Oaks, CA  91403
4    (*Attorney for Kenneth Ogan, Jr.*)

5

6         I hereby certify that on March 4, 2013, I served a copy of the above and

7    foregoing by placing a copy of same in the United States Mail, properly addressed and

8    First Class postage prepaid, to the non-ECF participants listed below:

9

10   Ogan Financial Group, Inc.
11   c/o Reg. Agent, Kenneth R. Ogan, Jr.
     2775 Tapo Street, Suite 204
12   Simi Valley, CA  93063

13

14
                                        /s/  Nicholas W. Armstrong
15
                                        OF COUNSEL
16

17

18

19

20

21

22

23

24

25

26

27

28